UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
MARIO DWAYNE WELCH, aka,        : CASE NO. 1:19-CV-00171
DWAYNE BOINER                           :
                                              :
          Plaintiff,                          :
                                              :
vs.                                           : OPINION & ORDER
                                              : [Resolving Doc. No. 1]
FRANK'S MARATHON                  :
                                              :
          Defendant.                       :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Mario Dwayne Welch, aka Dwayne Boiner filed this action against Frank's Marathon. Although the Complaint is not clearly written, it appears Plaintiff is alleging he was falsely accused of theft by employees of Frank's Marathon. Plaintiff asserts a claim for defamation. He does not specify the relief he seeks.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

Plaintiff's Complaint is very brief. In its entirety, it states:

> THREATS along with INTIMIDATION, that's unnecessary. I am refused service. I am treated with biasness except for one female staff, also I have spoken with said owner to handle this matter privately. I was called a murderer, rapist, thief as well as a snitch by his son 21 of Jan 2019 3:45 p.m. Also I request footage due I was exercising good business by being sure on my choice before shopping also refused service.

(Doc. No. 1 at 1). He mentions in an addendum to his Complaint that he was accused of theft and indicates a police report was filed. He indicates he had to "endure…defamation by embarrassment because my character was attacked." (Doc. No. 1 at 2).

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to show that this court has jurisdiction over the case, fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]

Plaintiff has not established a basis for federal court jurisdiction. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all cases or claims.[2] Instead, federal courts have only the authority to decide cases that the Constitution and Congress have empowered them to resolve.[3] Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."[4]

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal law question or claim.[5] The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states."[6] To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).
[2] *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).
[3] *Id.*
[4] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).
[5] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).
[6] 28 U.S.C. § 1332(a)(1).

2

Defendant is a citizen of another state. The citizenship of a natural person equates to his domicile.[7]

The second type of federal jurisdiction relies on the presence of a federal question. This federal question jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[8]

Plaintiff has not established either basis for federal jurisdiction. He gives no show that the parties are citizens of different states and his defamation claim is a state tort law claim. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction.[9] He has not met this burden.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[10]

IT IS SO ORDERED.

Dated: May 20, 2019  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[7] *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990).
[8] *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).
[9] Fed. R. Civ. P. 8.
[10] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.